**UNITED STATES of America,**
**Appellee,**

v.

**Nancy OBAIH, Defendant,**

**Tasie LAMA, Defendant—Appellant.**

**Docket No. 02–1382.**

United States Court of Appeals,
Second Circuit.

May 20, 2003.

Elizabeth J. Kramer, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

B. Alan Seidler, Nyack, NY, for Defendant—Appellant.

Present: Honorable RALPH K. WINTER, Honorable ROBERT A. KATZMANN, Circuit Judges, and Honorable RICHARD W. GOLDBERG,[1] Judge.

### SUMMARY ORDER

**ORDERED, ADJUDGED, AND DE-CREED** that the judgment of the District Court is **AFFIRMED.**

Defendant Lama appeals from the judgment entered in the United States District Court for the Eastern District of New

---

1. The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

York (Raggi, *J.*) following his guilty plea. Defendant pled guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and importation of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a)(1). Although defendant's Guidelines' range was seventy to eighty-seven months, he was sentenced to the statutory mandatory minimum of 120 months incarceration on each count, to run concurrently, five years supervised release, and the mandatory $200 special assessment. On appeal, defendant asserts that the District Court erred in denying him safety valve credit at sentencing.

"In reviewing a district court's imposition of sentence, we review factual findings for clear error and the court's interpretation of the Sentencing Guidelines *de novo.*" *United States v. Jeffers*, 329 F.3d 94, 97–99, at *3 (2d Cir.2003). The safety valve statute permits a sentencing court to impose a sentence below the normal statutory mandatory minimum when certain criteria are met. *See* 18 U.S.C. § 3553(f) (2000); *see also* U.S. Sentencing Guidelines Manual § 5C1.2 (2002) (incorporating the statutory criteria). As defendant concedes, he bore the burden of demonstrating by a preponderance of the evidence that he satisfied the five criteria set forth in the statute in order to receive safety valve relief. *See United States v. Conde*, 178 F.3d 616, 621 (2d Cir.1999).

At issue here is the fifth of these criteria, which requires, in pertinent part, that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). In *United States v. Schreiber*, 191 F.3d 103, 107–08 (2d Cir.1999), we held that under the plain terms of the statute and

Guidelines, a defendant can "come clean" any time before the commencement of his sentencing hearing and still satisfy the fifth prong of the test. However, while earlier lies do not of themselves preclude safety valve eligibility, they may be relevant to the district court's assessment of the credibility of the later, supposedly truthful statements. As we have noted, "[t]he fact that appellant repeatedly lied and obstructed justice prior to allegedly telling the complete truth will be useful in evaluating whether appellant's final proffers were complete and truthful." *Schreiber*, 191 F.3d at 109. *Cf. Jeffers*, 329 F.3d at 99 (observing that "prior perjurious acts may affect the defendant's credibility and his corresponding ability to satisfy the safety valve's truthful disclosure requirement"). Thus, "[a] court may, of course, consider the relevance of the prior perjury or other obstructive behavior in making a factual finding as to whether the defendant has made a complete and truthful proffer in compliance with § 3553(f)(5)." *Id.* at 99–100. *See also Schreiber*, 191 F.3d at 107 (noting that "as a practical matter, a defendant who changes his or her story to match the government's evolving knowledge of the events risks irrevocably undermining his or her credibility").

Upon review of the record, we find that the District Court correctly applied controlling law. The District Court specifically stated that, regardless whether the defendant had lied to the government at any of his initial three proffer sessions, if he had "told a credible version at the last [proffer session], had the government been convinced that at least [he was] telling the truth, [it] would have given [him] the safety valve consideration." But after listening to defendant's testimony and observing his deportment at the sentencing hearing, the District Court concluded that the defendant had willfully perjured himself at the sentencing hearing, providing "yet an-

other account, some ways consistent with any of the number of versions [he'd] told but in some ways not," which the District Court found was not credible. We find that the District Court did not clearly err in so concluding, as there was more than ample evidence in the record to support its factual findings.

We have considered all of defendant's arguments and find them to be without merit.

The judgment of the District Court is **AFFIRMED.**